[Cite as *State v. Kerns*, 2025-Ohio-1703.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 24CA5 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| REBECCA L. KERNS, | : | |
| Defendant-Appellant. | : | RELEASED 5/07/2025 |

_____

APPEARANCES:

Christopher Pagan, Repper-Pagan Law, Ltd., Middletown, Ohio, for appellant.

Randy Dupree, Jackson County Prosecutor, Jackson, Ohio and Isaac Beller, Gallia County Assistant Prosecutor/Of Counsel, Gallipolis, Ohio for appellee.

_____

Hess, J.

**{¶1}** Rebecca L. Kerns appeals her sentence following a guilty plea to attempted murder. Kerns raises a single assignment of error challenging her sentence as contrary to law because of several mistakes at the sentencing hearing and in the sentencing entry. The State concedes that there were several sentencing mistakes at the hearing, though not to the extent Kerns claims, and in the entry. Both parties argue that the sentence should be vacated, and the cause remanded for the limited purposes of resentencing.

**{¶2}** We find that the trial court erred at the sentencing hearing and made what appears to be typographical mistakes in the sentencing entry. We sustain Kerns's assignment of error, vacate the sentence, and remand the cause for the limited purposes of resentencing.

I. FACTS AND PROCEDURAL HISTORY

{¶3} The Jackson County grand jury indicted Kerns on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2), second-degree felonies, and one count of attempted murder in violation of R.C. 2923.02(A) and (E)(1), a first-degree felony. Kerns initially pleaded not guilty, but later Kerns and the State entered into a plea agreement by which Kerns pleaded guilty to attempted murder in exchange for the dismissal of the two felonious assault counts. The parties did not agree to a jointly recommended sentence. Instead, the written plea agreement stated that "the parties will argue sentencing."

{¶4} The trial court held a sentencing hearing, and the State argued that Kerns should be sentenced to the maximum prison term because (1) the victim suffered very serious physical harm from multiple stab wounds, (2) a domestic relationship existed between Kerns and the victim that allowed Kerns to facilitate the offense, and (3) Kerns committed the offense while on probation for a misdemeanor offense. The State asked the trial court to impose an 11- to 16.5-year indefinite prison term, with the requirement that Kerns register on the violent offender database. The victim gave an impact statement and testified about the stabbing incident, the number, type, and severity of her injuries, and the permanent damage she suffered because of the stabbing. Kerns's attorney argued that Kerns was cooperative with law enforcement, admitted her guilt, and was suffering from grief from the loss of her mother as well as a severe mental illness when she stabbed the victim. Kerns's attorney acknowledged that this was a very serious offense but asked for a "reasonable sentence" based on the totality of the circumstances.

{¶5} The trial court stated that Kerns had committed "an extremely violent crime" and that the conduct was more serious because of the serious physical harm the victim

suffered and that Kerns's relationship with the victim facilitated the crime. The court found recidivism was more likely because Kerns had expressed no genuine remorse. The trial court stated that it had considered the sentencing factors in R.C. 2929.11 and R.C. 2929.12 and it would impose an 11- to 16.5-year prison term. The court explained post-release control terms and the violent offender database registration requirements. The trial court then questioned whether the prison time was mandatory, and defense counsel was unsure and requested a week to brief the question. The trial court stated it would "examine that and make that determination in the sentencing entry." The trial court also stated that the victim wanted a no contact order, but the court would do its own inquiry to determine if one was possible and "If it can, I intend to do it." Following the sentencing hearing the trial court issued an order that stated that it had sentenced Kerns to an 11- to 16.5-year indefinite prison term and that the parties will brief whether the term is mandatory within 7 days. Kerns submitted a brief in which she stated that the statute is silent as to mandatory prison time on an attempted murder charge, but that a review of relevant statutes do not indicate that the time is mandatory.

{¶6} The trial court issued a sentencing entry in which it stated that it considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 and sentenced Kerns to an 11- to 16.5-year indefinite prison term. It also identified the seriousness and recidivism factors, listing them in bullet points as the serious physical, psychological and economic harm the victim suffered; that Kerns's relationship with the victim facilitated the crime; and that Kerns showed no remorse. The trial court stated that there was a presumption in favor of a prison sentence for attempted murder, but the presumption was not overcome, and it recited the

sentencing requirements in R.C. 2929.19(B)(2)(c) (the Reagan Tokes indefinite sentence instructions). Although this was not a jointly recommended sentence, the entry contains the statement, "This sentence imposed in this case is authorized by law and was recommended jointly by the defendant and the prosecution in the case pursuant to R.C. 2953.08(D)."  The entry further states that the prison term is not mandatory, but nothing concerning a no contact order was included.

**{¶7}**   Kerns appealed.

## II.  ASSIGNMENT OF ERROR

**{¶8}**   Kerns presents the following assignment of error:

The trial court imposed a sentence that was contrary to law.


## III.  LAW AND ANALYSIS

### Sentencing Notifications and Errors

**{¶9}**   In her sole assignment of error, Kerns contends that the trial court made five different sentencing mistakes, some of which she alleged occurred at the sentencing hearing and some that were made in the sentencing entry.

**{¶10}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶11}** We may vacate or modify a felony sentence if we clearly and convincingly find that the record does not support the trial court's findings. *State v. Layne*, 2021-Ohio-255, ¶ 6 (4th Dist.). " 'This is an extremely deferential standard of review.' " *Id.* at ¶ 8, quoting *State v. Pierce*, 2018-Ohio-3943, ¶ 8 (4th Dist.). Clear and convincing evidence is proof that is more than a "mere preponderance of the evidence" but not of such certainty as "beyond a reasonable doubt," and produces in the mind a "firm belief or conviction" as to the facts sought to be established. *State v. Conant*, 2020-Ohio-4319, ¶ 42 (4th Dist.).

**{¶12}** The two mistakes that she claims were made in the sentencing entry were: (1) the statement that it was a jointly recommended sentence and (2) that Kerns lack of remorse was a "seriousness" factor under R.C. 2929.12(C) rather than a "recidivism" factor under R.C. 2929.12(D). The State agrees that the entry incorrectly states that it was a jointly recommended sentence when it was not, and that the formatting of the entry makes the statement concerning remorse confusing as to which subsection it applied.

**{¶13}** We find that these errors are typographical in nature and can be readily corrected by the trial court when it issues a new sentencing entry. It is clear from the record, the parties' representations, and the trial court's remarks at the sentencing hearing that the trial court and the parties understood that this was not a jointly recommended sentence. Additionally, we find the court's bullet point listing of its findings concerning seriousness and recidivism is confusing due to the nature of the formatting of the entry. However, the trial court correctly stated at the sentencing hearing that Kerns's lack of remorse was a recidivism factor. More importantly, "neither R.C. 2929.11 nor

2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones,* 2020-Ohio-6729, ¶ 20. Thus, any error here is harmless.

**{¶14}** The three mistakes that Kerns claims were made at the sentencing hearing are: (1) the trial court failed to make findings for overcoming the presumption of prison under R.C. 2929.13(D)(2); (2) the trial court failed to provide her with the required notifications under R.C. 2929.19(B)(2)(c); and (3) the trial court did not inform Kerns that her prison term was not mandatory, but was discretionary.

**{¶15}** Kerns did not object to the trial court's instructions at sentencing and has forfeited these issues, absent plain error. *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 (errors in sentencing that defendant fails to object to are reviewed for plain error). For a reviewing court to find plain error (1) there must be an error, i.e., "a deviation from a legal rule," (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights," i.e., it "must have affected the outcome of the trial." *State v. Wharton*, 2015-Ohio-5026, ¶ 31 (4th Dist.).

**{¶16}** As for her argument that the trial court was required to make findings under R.C. 2929.13(D)(2), the State correctly argues that the trial court did not need to make these findings because the court imposed a prison sentence. These findings are only required when the trial court finds that the presumption of prison has been rebutted. "Judicial findings must be provided only for downward departures, such as when a court refuses to impose the presumptive prison term under R.C. 2929.13(D) or when a court grants a judicial release." *State v. Mathis*, 2006-Ohio-855, ¶ 27; *State v. Reid.* 2016-Ohio-7475, ¶ 16 (8th Dist.).

**{¶17}** As for the trial court's advisements concerning the indefinite prison term under R.C. 2929.19(B)(2)(c), the State concedes this error and that remand for resentencing is appropriate. A sentence is contrary to law if a trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails to advise the offender of all the notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. *State v. Long*, 2021-Ohio-2672, ¶ 27-29 (4th Dist.). "It is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error." *State v. Burrell*, 2024-Ohio-638, ¶ 14 (11th Dist.), citing *State v. Efford*, 2023-Ohio-3360, ¶ 18 (8th Dist.).

**{¶18}** R.C. 2929.19(B)(2)(c) sets out the notifications that are to be provided in accordance with subsections (B)(1) and (2) which mandates that the court notify the offender at the sentencing hearing:

> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:
>
> (i)    That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii)   That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii)  That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the

department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv)    That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v)     That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

**{¶19}** The trial court did not provide the notices at the sentencing hearing outlined in R.C. 2929.19(B)(2)(c). Thus, we find that Kerns's sentence was contrary to law. *State v. Price*, 2024-Ohio-1641, ¶ 5-11 (4th Dist.). Kerns is entitled to a new sentencing hearing so that the trial court can give the required instructions.

**{¶20}** In her third argument, Kerns contends that the trial court failed to inform her at the sentencing hearing that her prison term was discretionary, it only did so in the sentencing entry. However, R.C. 2929.19(B)(2)(a) does not require the trial court to inform a defendant when a prison term is discretionary – only when it is mandatory. That section states, "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:(a) Impose a stated prison term and, *if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term*." (Emphasis added.) R.C. 2929.19(B)(2)(a). Kerns cites no legal authority to support her argument that her sentence is contrary to law because the trial court did not inform her that the 11- to 16.5-year prison term imposed was discretionary. Thus, she has not shown plain error. Regardless, because we vacate her

sentence and remand for the purpose of resentencing, this argument is moot as it seeks the same relief we have previously granted. App.R. 12.

**{¶21}** We sustain Kerns's sole assignment of error.

## IV. CONCLUSION

**{¶22}** We sustain Kerns's sole assignment of error, vacate her sentence, and remand the cause for the limited purpose of resentencing.

JUDGMENT VACATED AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT VACATED AND CAUSE REMANDED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**