[Cite as *State v. Price*, 2024-Ohio-1641.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 23CA6, 23CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| SHAWN PRICE, | : | |
| Defendant-Appellant. | : | **RELEASED 4/26/2024** |

_____
<u>APPEARANCES</u>:

Christopher Bazeley, Cincinnati, Ohio, for appellant.

James K. Stanley, Meigs County Prosecutor, Pomeroy, Ohio, for appellee.
_____
Hess, J.

**{¶1}** Shawn Price appeals his conviction following a guilty plea to one second-degree felony count of possession of drugs and one third-degree felony count of drug trafficking. Price contends that the trial court failed to properly advise him of his rights under the Reagan Tokes Act as required by R.C. 2929.19. He argues that the sentence is contrary to law and must be remanded back to the trial court for resentencing. The state concedes this error. We agree and find that the trial court failed to provide the required notification under R.C. 2929.19(B)(2)(c) and therefore his sentence is contrary to law. We sustain Price's sole assignment of error and remand for resentencing.

I.  FACTS AND PROCEDURAL HISTORY

**{¶2}** The Meigs County grand jury indicted Price on four counts of possession of drugs in violation of R.C. 2925.11, three which were second-degree felonies and one a

fifth-degree felony, and four counts of drug trafficking in violation of R.C. 2925.03, three which were second-degree felonies and one a fifth-degree felony. Later, in a separate case that was subsequently consolidated, the grand jury indicted Price on six counts each of possession of drugs and drug trafficking, violations of R.C. 2925.11 and R.C. 2925.03, respectively. One of the drug possession charges was a first-degree felony, one was a third-degree felony, and four were fifth-degree felonies. Three of the drug trafficking charges were fifth-degree felonies, one was a fourth-degree felony, one was a third-degree felony, and one was a first-degree felony.

{¶3} At a consolidated plea hearing, Price pleaded guilty to one count of drug possession, a second-degree felony, and one count of drug trafficking, a third-degree felony. At sentencing, the trial court sentenced Price to a five to seven-and-one-half-year prison term for drug possession and a two-year prison term for drug trafficking, to be served consecutively. Price appealed.

## II. ASSIGNMENT OF ERROR

{¶4} Price presents the following assignment of error:

> The trial court failed to properly advise Price of his rights under the Regan [sic] Tokes Act as required by R.C. 2929.19.

## III. LEGAL ANALYSIS

{¶5} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶6}** We may vacate or modify a felony sentence if we clearly and convincingly find that the record does not support the trial court's findings. *State v. Layne*, 4th Dist. Adams No. 20CA1116, 2021-Ohio-255, ¶ 6. " 'This is an extremely deferential standard of review.' " *Id.* at ¶ 8, quoting *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-3943, ¶ 8. Clear and convincing evidence is proof that is more than a "mere preponderance of the evidence" but not of such certainty as "beyond a reasonable doubt," and produces in the mind a "firm belief or conviction" as to the facts sought to be established. *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 42.

**{¶7}** Here, Price did not object to the trial court's instructions at sentencing and has forfeited this issue, absent plain error. *State v. Whitaker,* 169 Ohio St.3d 647, 2022-Ohio-2840, 207 N.E.3d 677, ¶ 166 (errors in sentencing that defendant fails to object to are reviewed for plain error). For a reviewing court to find plain error (1) there must be an error, i.e., "a deviation from a legal rule," (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights," i.e., it "must have affected the outcome of the trial." *State v. Wharton*, 2015-Ohio-5026, 53 N.E.3d 758, ¶ 31 (4th Dist.). A sentence is contrary to law if a trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails advise the offender of all the notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. *State v. Long*, 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672, ¶ 27-29; *State v.*

*Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 29. "It is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error." *State v. Burrell*, 11th Dist. Portage No. 2023-P-0053, 2024-Ohio-638, ¶ 14, citing *State v. Efford*, 8th Dist. Cuyahoga Nos. 112077 and 112078, 2023-Ohio-3360, ¶ 18.

**{¶8}** R.C. 2929.19(B)(2)(c) sets out the notifications that are to be provided in accordance with subsections (B)(1) and (2) which mandates that the court notify the offender at the sentencing hearing:

> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:
>
> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

**{¶9}** The trial court informed Price of the charges against him and the penalties that could be imposed upon him and that by entering a guilty plea Price was waiving all his constitutional rights related to a trial. Price confirmed that he understood the charges, penalties, and constitutional rights he was waiving. However, as the state concedes, the trial court did not provide the additional notices at the sentencing hearing concerning the Ohio Department of Rehabilitation and Correction (ODRC) hearing process outlined in R.C. 2929.19(B)(2)(c). After informing Price of the consecutive prison term, which was a jointly recommended sentence, the trial court explained post-release control but did not notify Price of the rebuttable presumption that he would be released at the expiration of the minimum term or the hearing procedures outlined in R.C. 2929.19(B)(2)(c):

> So, you will [be] subject to up to three years of post release control under Revised Code section 2967.28. If and when the period of post release control is imposed, following your release from prison, and if you violate conditions of supervision, the parole board may impose a prison term as part of your sentence of up to one half of your stated prison term. If, while on post release control, you're convicted of a new felony offense, in addition to being punished for the underlying conduct, an additional prison term of one year or what time remains on your post release control term may be added as an additional, consecutive, or stacked penalty. You also have to pay the court costs in both and, as I mentioned in case number * * * 22CR214 there will be the forfeitures as were previously articulated.

**{¶10}** We find that Price's sentence was contrary to law because the trial court failed to provide notice at the sentencing hearing of ODRC's rebuttal of the presumption as required by subpart (B)(2)(c). *See State v. Estep*, 4th Dist. Meigs No. 23CA1, 2024-Ohio-58, ¶ 53-60; *State v. Long*, 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672, ¶ 24-

30, *rev'd on other grounds In re Cases Held for the Decision in State v. Maddox*, 167 Ohio St.3d 409, 2022-Ohio-1352, 193 N.E.3d 553, ¶ 24-30.

**{¶11}**  We sustain Price's sole assignment of error.

## IV.  CONCLUSION

**{¶12}**  Having sustained the assignment of error, we reverse the trial court's sentence, and remand this cause to the trial court for resentencing.

REVERSED AND REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED AND CAUSE REMANDED and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
    Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**