[Cite as *State v. Dunn*, 2024-Ohio-4555.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 : CASE NO. 24CA2

    v.                                  :

KAITLYN DUNN,                           : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Christopher Bazeley, Cincinnati, Ohio, for appellant.

Randy Dupree, Jackson County Prosecuting Attorney, and Colleen S. Williams, Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:9-10-24
ABELE, J.

{¶1} This is an appeal from a Jackson County Common Pleas Court felony sentence. Kaitlyn Dunn, defendant below and appellant herein, raises a single assignment of error for review:

> "THE TRIAL COURT FAILED TO PROPERLY ADVISE DUNN
> OF HER RIGHTS UNDER THE REGAN TOKES STATUTE."

{¶2} On June 23, 2023, appellant pleaded guilty to (1) possession of a fentanyl-related compound in violation of R.C. 2925.11, a first-degree felony; (2) possession of cocaine in

violation of R.C. 2925.11, a fifth-degree felony; and (3) possession of methamphetamine in violation of R.C. 2925.11, a fifth-degree felony.

{¶3} At the sentencing hearing, the trial court ordered appellant to serve one-year prison sentences for possession of methamphetamine and possession of cocaine. For the possession of fentanyl-related compound, the court imposed an indefinite prison sentence of 11 to 16.5 years. Subsequently, appellant requested a delayed appeal that this court granted on May 23, 2024.

{¶4} In her sole assignment of error, appellant asserts that at sentencing the trial court failed to properly advise her "of her rights under the Regan Tokes statute." Appellee agrees with appellant and we appreciate appellee's stance in this matter.

{¶5} In the case sub judice, the trial court imposed a non-life indefinite prison sentence. Although the trial court did advise appellant of the Regan Tokes R.C. 2929.19(B)(2)(c) factors both at the change of plea hearing and in the parties' plea agreement, it appears that the court did not orally advise appellant of the pertinent factors at the sentencing hearing. In *State v. Price*, 2024-Ohio-1641 (4th Dist.), this court held that under identical circumstances, the defendant's sentence was contrary to law and must be vacated and remanded for re-sentencing.

JACKSON, 24CA2

See, also, *State v. Thompson*, 2021-Ohio-4027, (2d Dist.).

**{¶6}** Additionally, we again express sympathy for trial courts in their plight to impose sentences for Ohio felony offenders. Ohio's overly complex felony sentencing scheme creates unnecessary hurdles for the courts and our citizens.

**{¶7}** Accordingly, based upon the foregoing reasons, we vacate appellant's sentence and remand this matter for re-sentencing.

SENTENCE VACATED AND MATTER
REMANDED FOR RE-SENTENCING.

JUDGMENT ENTRY

It is ordered that the sentence be vacated and the matter remanded for re-sentencing.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                                    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.