[Cite as *State v. Oakes*, 2024-Ohio-5867.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 24CA4 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Jamie L. Oakes, | : | **RELEASED 12/11/2024** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Christopher Pagan, Repper-Pagan Law, Ltd., Middletown, Ohio, for appellant.

Keller Blackburn, Athens County Prosecutor, and Andrew T. Sanderson, Assistant Prosecutor, Athens, Ohio, for appellee.

_____

Hess, J.

{¶1}   Jamie L. Oakes appeals from a judgment of the Athens County Court of Common Pleas convicting him, following guilty pleas, of having weapons while under disability, inducing panic, four counts of endangering children, using weapons while intoxicated, and domestic violence.  Oakes presents one assignment of error asserting that the trial court committed sentencing error.  For the reasons which follow, we sustain in part and find moot in part the assignment of error.  We reverse the trial court's judgment and remand for resentencing.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}   In August 2023, Oakes was indicted on the following counts:  (1) Count One, having weapons while under disability, a third-degree felony; (2) Count Two, inducing

panic, a fifth-degree felony; (3) Count Three, endangering children, a first-degree misdemeanor; (4) Count Four, endangering children, a first-degree misdemeanor; (5) Count Five, endangering children, a first-degree misdemeanor; (6) Count Six, endangering children, a first-degree misdemeanor; (7) Count Seven, using weapons while intoxicated, a first-degree misdemeanor; (8) Count Eight, domestic violence, a first-degree misdemeanor; and (9) Count Nine, domestic violence, a first-degree misdemeanor. Oakes initially pleaded not guilty. Later, pursuant to a written plea agreement, he entered guilty pleas on all counts except Count Eight, which the State agreed to move to dismiss.

{¶3}    The written plea agreement states that the parties agreed to jointly recommend that Oakes "be placed on five years of community control, successfully complete a CBCF and continue with out-patient treatment to include but not limited to the ACPO Vivitrol Program." The parties also agreed to jointly recommend that the court reserve a sentence of 9 to 36 months on Count One, 6 to 12 months on Count Two, and 0 to 180 days on the remaining counts.  In addition, they agreed that Oakes would remain on furlough until his sentencing date, and that if he did "not abide by all terms and conditions of his furlough . . . this recommendation is null and void." The parties further agreed that if Oakes "does not abide by all terms and conditions, there will be a joint recommendation he be sentenced to 4 years with [judicial release] after six months into a CBCF with ACPO vivitrol program."

{¶4}    The trial court accepted the guilty pleas, dismissed Count Eight on the State's motion, and sentenced Oakes to five years of community control on each of the

remaining counts, to be served concurrently. Pertinent to this appeal, at the sentencing

hearing, the court stated:

> You are also ordered dot [sic] complete the vivitrol program which may be able to be started in STAR and then uhm, picked up and finished out with the Athens County Prosecutors office.  As long as you do this and don't have any other offenses your, nine to, court reserved nine-to-thirty-six-month prison sentence on court [sic] one.  Six-to-twelve month prison sentence on count two and zero to one hundred- and eighty-days jail on . . . counts three, four, five, six, seven and nine.

The court also stated:  "If you have any violations or fail to follow these orders or fail to

complete STAR CBCF, the court will consider the joint recommendation of the parties

that you be sentenced to four years in prison uhm, with possible early release into a CBCF

program or vivitrol."  And the court later stated:

> [J]ust as a matter of housekeeping because the case law is unclear the court orders the sentences consecutive, the two felonies.  The court orders, finds that consecutive sentences are necessary to protect the public from future crime and to punish you and that consecutive sentences are not disproportionate to the seriousness of your conduct and the danger you pose to the public and at least two of the offenses were committed as a course of conduct and the harm caused by the offenses was so great or unusual no single prison term of the offenses can adequately reflect the seriousness there of [sic].

{¶5}   In the sentencing entry, which the State prepared and defense counsel

approved, the court stated:

> The Court further imposes the specific sanctions and conditions of community control, including but not limited to, the following:
>
> . . .
>
> 10.    Defendant is ordered to be screened for and enter and successfully complete the Athens County Prosecutor's Office Vivitrol Program.  Defendant is ordered to report to the Vivitrol Program Coordinator on the first floor of the Athens County Courthouse, to begin the screening process and/or enter the program.  As part of screening, Defendant agrees to participate in a detox program at the Clem House, or any other detox facility in order to remain drug free for at least fourteen (14) days prior to

initial Vivitrol treatment. The Court authorizes an individual to be placed in the SEORJ for the time prior to receiving treatment if they fail to become drug free within 14 days of this order. Defendant shall maintain compliance with the program at all times. Failure to remain compliant may result in sanctions to include, but not limited to the following: a) short term incarceration with first violation resulting in a possible three (3) day jail term, second violation resulting in a seven (7) day jail stay, and any other subsequent violation resulting in a term of up to (14) days in jail; (b) increased drug testing; c) increased participation in treatment options; d) increased/added community service; and/or e) termination from the Vivitrol Program. The Vivitrol Program or The Adult Parol Authority can sanction under the terms of this order[.]

The court also stated:

Violation of any of this sentence shall lead to a longer term under the same sanction, a more restrictive sanction, or a prison commitment of a range from nine (9) months to thirty-six (36) months on Count One, a range from six (6) months to twelve (12) months on Count Two, a range from zero (0) days to one hundred eighty (180) days for each on Counts Three, Four, Five, Six, Seven, and Nine.

## II. ASSIGNMENT OF ERROR

{¶6} Oakes presents one assignment of error: "The trial court committed sentencing error."

## III. LAW AND ANALYSIS

{¶7} In the sole assignment of error, Oakes contends the trial court committed sentencing error. Specifically, he asserts: (1) the trial court acted contrary to law by delegating authority to the Vivitrol Program and Adult Parole Authority ("APA") to adjudicate community-control violations and impose sanctions, and (2) the trial court adopted but misconstrued the joint sentencing recommendation by requiring a reserved consecutive sentence and erred by making consecutive-sentencing findings when it found him amenable to a community-control sanction.

### A. Delegation of Authority

### 1. Positions of the Parties

**{¶8}** Oakes contends the trial court acted contrary to law by delegating authority to the Vivitrol Program and APA to adjudicate community-control violations and impose sanctions. Citing R.C. 2929.15(B)(1), Oakes maintains that "only a trial court can sanction" for community-control violations, that "[i]t can extend the community-control term, impose new sanctions, or impose prison," and that "[t]hat power is unavailable to third parties." He asserts that "sanctioning can only occur after a violation is proved at a hearing that itself satisfies Due Process," and citing R.C. 2929.15(B)(1) and Crim.R. 32(A), he asserts that the trial court conducts revocation hearings, not third parties. He also claims that "[d]elegation of judicial power to a nonjudge is unconstitutional." And he asserts that "because the prosecutor oversees the Vivitrol Program, as specified at the sentencing hearing, it violates the separation of powers for it to adjudicate community-control sanctions reserved to the court."

**{¶9}** The State maintains that Oakes's argument is not ripe for review. The State asserts that Oakes "concedes there is no present harm," and the State contends that concession is accurate because there is no indication in the record that Oakes has been sanctioned by the Vivitrol Program or APA. The State asserts that "the complained about issue is wholly hypothetical" and that further factual development is necessary for this court to analyze Oakes's argument. Alternatively, the State maintains that Oakes waived any challenge to the delegation provision. The State asserts that participation in the Vivitrol Program was voluntary and part of the plea bargain to which Oakes agreed. The State asserts that if Oakes had objections to the terms of the program, he should have

raised them before agreeing to enter it. In addition, the State asserts that Oakes did not object to the language at issue during the change of plea or sentencing hearings, that defense counsel "specially approved the language now at issue," and that Oakes does not argue plain error.

{¶10} The State claims that even if we reach the merits of Oakes's challenge, "the basic argument lacks merit." Citing R.C. 2935.36, the State asserts that "[p]retrial diversion programs are well established components of Ohio law." The State asserts that these programs "include supervision of offenders by prosecutor's offices throughout the state of Ohio" and do "not preclude a trial court from using other programs that grant discretion to the trial court." The State claims "[e]very treatment program includes its own rule[s], requirements and regulations," and "[t]he ability for treatment providers to 'sanction' participants in part of the treatment agreed to by the participant and to a surrendering of the constitutional authority of the trial court to supervise offenders [sic]." In addition, the State asserts that "[t]here is no error in allowing a defendant to accept specific community control terms," and that "the same are commonplace as part of nearly every plea agreement."

{¶11} Finally, the State suggests this appeal should be dismissed for lack of a final appealable order because "the record leaves issues unresolved." But the State does not identify any issue left unresolved. And the judgment of conviction is plainly a final order as it sets forth the fact of conviction, sentence, judge's signature, and time stamp indicating the entry upon the journal by the clerk. *See State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus.

{¶12} In his reply brief, Oakes correctly observes that the State "misapprehends" his concession about a lack of present harm, which pertains to his consecutive-sentence argument, not the delegation issue. Oakes claims "there is present harm in delegating sanctioning authority for a community-control violation to the prosecutor while [he] serves his community-control term." He also claims there is no need for further factual development. He asserts that "[t]he judgment itself delegates" sanctioning authority, and "the State agrees that it sanctions in its Vivitrol Program and defends its legality—so there is no disputed fact about how the Vivitrol Program is administered or that the prosecutor imposes sanctions." He asserts that "the delegation of judicial power to the prosecutor is unconstitutional under any fact pattern, leaving nothing to develop." In addition, Oakes contends that while he agreed to participate in the Vivitrol Program, he did not agree to prosecutors assuming "the judicial authority to sanction him." He asserts no mention was made in the written plea agreement or at the change of plea hearing of "a term authorizing the prosecutor to adjudicate sanctions." And he asserts that the parties could not have agreed to such a term because "all sentencing components, including jointly recommended community-control conditions, must be authorized by law." Oakes claims the pretrial diversion statute is irrelevant because he was prosecuted and sentenced, not diverted from prosecution. And he asserts that "[t]he State cites no other authority to act as the prosecutor and judge for Vivitrol Program violations."

## 2. Ripeness

{¶13} "'In order to be justiciable, a controversy must be ripe for review.'" *State v. Maddox*, 2022-Ohio-764, ¶ 7, quoting *Keller v. Columbus*, 2003-Ohio-5599, ¶ 26. The Supreme Court of Ohio has stated that "'it is the duty of every judicial tribunal to decide

actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect.'" *Maddox* at ¶ 7, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). "'"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.'"'" *Id.*, quoting *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89 (1998), quoting Comment, *Mootness and Ripeness: The Postman Always Rings Twice*, 65 Colum.L.Rev. 867, 876 (1965), quoting Davis, *Ripeness of Governmental Action for Judicial Review*, 68 Harv.L.Rev. 1122, 1122 (1955).

{¶14} "Ripeness is distinct from standing, but both doctrines require that 'an injury in fact be certainly impending.'" *Id.* at ¶ 8, quoting *Natl. Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427 (D.C.Cir. 1996). "'[I]f a threatened injury is sufficiently "imminent" to establish standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied.'" *Id.*, quoting *Natl. Treasury Emps. Union* at 1428. "Then, 'only the prudential justiciability concerns of ripeness can act to bar consideration of the claim.'" *Id.*, quoting *Natl. Treasury Emps. Union* at 1428. "The prudential-justiciability concerns include (1) whether the claim is fit for judicial decision and (2) whether withholding court consideration will cause hardship to the parties." *Id.*, citing *Hill v. Snyder*, 878 F.3d 193, 213 (6th Cir. 2017), citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 153 (1967), *abrogated in part on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). "The first prong of the prudential-justiciability question is met when '[t]he issue presented in th[e] case is purely legal, and will not be clarified by further factual

development.'"   (Bracketed text in original.)   *Id.*, quoting *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 581 (1985).

{¶15}  In *Maddox*, the Supreme Court of Ohio considered "whether a criminal defendant's challenge to the constitutionality of R.C. 2967.271—which is a part of the 'Reagan Tokes Law' and allows the Ohio Department of Rehabilitation and Correction ('DRC') to administratively extend an incarcerated person's prison term beyond his or her minimum prison term or presumptive earned early-release date but not beyond his or her maximum prison term—is ripe for review on the defendant's direct appeal of his or her conviction and prison sentence." *Maddox* at ¶ 1.  The State argued that the defendant in that case had not suffered any harm under the statute because he had not yet been denied release at the expiration of his minimum prison term.  *Id.* at ¶ 17.  However, the Supreme Court held that the defendant's challenge was "ripe for review on direct appeal because (1) he has been sentenced under the statute, (2) no further factual development is necessary for a court to analyze the challenge, and (3) delaying review would result in duplicative litigation, forcing [the defendant] and similarly situated people to endure potential violations of their constitutional rights in order to challenge the law." *Id.* at ¶ 11, citing *Abbott* at 149.

{¶16}  The Supreme Court noted that the Sixth District Court of Appeals had relied on *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132 (2000), to infer that the proper method for the defendant to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 was to file a writ of habeas corpus if he was not released at the end of his minimum term of incarceration.  *Maddox*, 2022-Ohio-764, at ¶ 15.  The Supreme Court explained that *Bray* was distinguishable because it involved prisoners' challenges to a

former statute which authorized DRC to unilaterally extend an inmate's sentence beyond the sentence imposed by the trial court if the prisoner committed certain violations in prison. *Id.* The Supreme Court explained that the prisoners in *Bray* had no way to challenge their additional prison time other than through habeas corpus because the trial courts did not impose that time, precluding any remedy through direct appeal. *Id.* In contrast, defendants sentenced under the Reagan Tokes Law "have received the entirety of their sentences and the sentences have been journalized," so a direct appeal was "the appropriate way to challenge the constitutionality of the provisions at issue." *Id.* at ¶ 16. The Supreme Court also agreed with the defendant that having to wait for a denial of release at the expiration of a minimum prison term to seek habeas corpus to challenge the Reagan Tokes Law would deny indigent defendants the assistance of counsel because habeas corpus is a civil proceeding in which no right to appointed counsel exists, needlessly consume judicial resources because of the duplicative and piecemeal litigation that would result, and result "'in the worst legal harm—loss of liberty that cannot be retroactively remedied.'" *Id.* at ¶ 17.

{¶17} In this case, we conclude Oakes's challenge to the trial court's delegation of authority to the Vivitrol Program and APA to sanction Oakes if he fails to remain compliant with the program is ripe for review on direct appeal. We find this case more akin to *Maddox* than *Bray*. Although this case and *Bray* both involve an authorization to unilaterally impose a punishment beyond that imposed by the trial court, unlike in *Bray*, the authorization in this case was made by the trial court in its sentencing entry, not by the General Assembly via statute. The trial court made the authorization part of the conditions of Oakes's community control sentence, and the entirety of Oakes's sentence

has been journalized, so a direct appeal is the appropriate way to challenge the delegation of authority. No further factual development is necessary for us to analyze the challenge, which presents a legal issue of whether the delegation is contrary to statute or unconstitutional. Moreover, withholding our consideration would force Oakes to endure potential violations of his rights in order to challenge the delegation.

### 3. Standard of Review

{¶18} Initially, we focus our analysis on Oakes's statutory challenge to the trial court's delegation of authority rather than on his constitutional challenge.[1] To the extent Oakes's challenge pertains to his felony sentences, R.C. 2953.08 is implicated. R.C. 2953.08(A)(4) authorizes a defendant who is convicted of a felony to appeal as a matter of right the sentence imposed upon the defendant on the ground that it is "contrary to law." R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

---

[1] We observe that in his reply brief, Oakes asserts that "[t]wo laws were violated by the judgment's Vivitrol delegation"—Crim.R. 32.3(A) and the separation-of-powers doctrine. However, his appellate brief indicated the delegation violated R.C. 2929.15(B)(1) and the separation-of-powers doctrine and made no mention of Crim.R. 32.3(A), which states, "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing." His appellate brief did cite Crim.R. 32(A), which addresses the imposition of sentence, for the proposition that the trial court conducts revocation hearings, not third parties.

(b) That the sentence is otherwise contrary to law.

"Otherwise contrary to law" means ""in violation of statute or legal regulations at a given time."" *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed.1990).

**{¶19}** To the extent Oakes's challenge pertains to his misdemeanor sentences, R.C. 2953.08 is not implicated as the statute applies only to felony sentences. *See Conneaut v. Fromknecht*, 2024-Ohio-1119, ¶ 8 (11th Dist.). "'Generally, we review a misdemeanor sentence for an abuse of discretion. However, when a trial court does not comply with the applicable sentencing statutes, we apply a de novo standard of review.'" (Internal citation and quotation marks omitted in original.) *State v. Phillips*, 2024-Ohio-2310, ¶ 7 (1st Dist.), quoting *State v. Kendrick*, 2023-Ohio-1763, ¶ 24 (1st Dist.).

**{¶20}** But while we disagree with the State's contention that Oakes waived his delegation argument, we do conclude that he forfeited all but plain-error review by not raising it below. ""[W]aiver is the 'intentional relinquishment or abandonment of a known right.'"" *State v. Rogers*, 2015-Ohio-2459, ¶ 20, quoting *State v. Quarterman,* 2014-Ohio-4034, ¶ 15, quoting *United States v. Olano,* 507 U.S. 725, 733 (1993), quoting *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). "[F]orfeiture is the failure to timely assert a right or object to an error . . . ." *Id.* at ¶ 21.

**{¶21}** The record does not reflect that Oakes intentionally relinquished or abandoned the right to challenge the trial court's delegation of authority to the Vivitrol Program and APA. The written plea agreement says nothing about the Vivitrol Program or APA receiving authority from the trial court to impose sanctions, like jail time, for noncompliance with program rules. During the change of plea and sentencing hearings,

no mention was made of such a delegation of authority. And nothing in the record indicates that Oakes intended to relinquish the opportunity to argue that the trial court improperly delegated sanctioning authority to the Vivitrol Program or APA when defense counsel approved the sentencing entry. *See generally* Civ.R. 58(A)(2) (setting forth rule in civil cases that "[a]pproval of a judgment entry by counsel or a party indicates that the entry correctly sets forth the verdict, decision, or determination of the court and does not waive any objection or assignment of error for appeal").

**{¶22}** However, by approving the sentencing entry instead of objecting to it, Oakes's counsel failed to call the alleged delegation error to the trial court's attention at a time when it could have been avoided. "'It is a well-established rule that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'"'" *Rogers* at ¶ 21, quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus. "Appellate courts may, however, consider a forfeited argument using a plain-error analysis." *State v. Pettiford*, 2024-Ohio-4447, ¶ 16 (4th Dist.).

**{¶23}** Crim.R. 52(B) states: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." It is the defendant's burden to "establish that an error occurred, it was obvious, and it affected his or her substantial rights." *State v. Fannon,* 2018-Ohio-5242, ¶ 21 (4th Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53

Ohio St.2d 91 (1978), paragraph three of the syllabus. Although Oakes does not explicitly argue plain error, "'[i]t is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error.'" *State v. Price*, 2024-Ohio-1641, ¶ 7 (4th Dist.), quoting *State v. Burrell*, 2024-Ohio-638, ¶ 14 (11th Dist.). And as we explain below, Oakes's sentences are contrary to law.

### 4. Analysis

**{¶24}** R.C. 2929.15(B)(1) provides:

(B)(1) Except as provided in division (B)(2) of this section, if the conditions of a community control sanction imposed for a felony are violated . . . , *the sentencing court may impose on the violator* one or more of the following penalties:

(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section . . . .

(Emphasis added.)

**{¶25}** The analogous provision for misdemeanors, R.C. 2929.25(D)(2), states:

Except as provided in division (D)(3) of this section, if an offender violates any condition of a community control sanction, *the sentencing court may impose upon the violator* one or more of the following penalties:

(a) A longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section;

(b) A more restrictive community control sanction;

(c) A combination of community control sanctions, including a jail term.

(Emphasis added.)

**{¶26}** Theses statues authorize the sentencing court to impose certain penalties on an offender for the violation of a condition of a community control sanction; they do not authorize the court to delegate its sanctioning authority to the Vivitrol Program or APA. Moreover, the State has not directed our attention to any other legal authority which supports the proposition that the trial court had the right to delegate its authority, nor are we aware of any.  Therefore, we conclude the trial court's delegation of authority is contrary to law and plain error.  *See generally State v. Moore*, 2002-Ohio-5047, ¶ 10-14 (7th Dist.) (improper for trial court to delegate authority to probation department to ascertain amount of restitution owed because statutes explicitly authorized the court to ascertain the amount, not the probation department, and did not allow court to delegate that authority to the probation department).

**{¶27}** In reaching our decision, we observe that some of the State's arguments suggest the rules of the Vivitrol Program permit the program to sanction participants for program rule violations. However, the record does not contain the rules of the Vivitrol Program.  And while we would question the propriety of any rule providing that the Vivitrol Program or APA may impose jail time for program rule violations, we need not make any determination regarding the propriety of any program rules because that issue is not before us.  In this appeal, Oakes does not present a challenge to Vivitrol Program rules. Instead, he challenges the trial court's delegation of authority to the Vivitrol Program and APA to sanction him under the terms of the court's order.

**{¶28}** For the foregoing reasons, we sustain the first assignment of error to the extent it asserts that the trial court erred in sentencing because it delegated sanctioning

authority to the Vivitrol Program and APA in violation of statute. Accordingly, we reverse the trial court's judgment and remand for resentencing. This decision renders moot Oakes's contention that the delegation of authority also violates the separation-of-powers doctrine, so we need not address it.

## B. Consecutive Sentences

**{¶29}** In the remainder of the first assignment of error, Oakes asserts the trial court adopted but misconstrued the joint sentencing recommendation by requiring a reserved consecutive sentence and erred by making consecutive-sentencing findings during the sentencing hearing when it found him amenable to a community-control sanction. Because we have already reversed the trial court's judgment and remanded for resentencing, this assertion is moot, and we need not address it. *See* App.R. 12(A)(1)(c).

## C. Conclusion

**{¶30}** We sustain in part and find moot in part the sole assignment of error, reverse the trial court's judgment, and remand for resentencing.

JUDGMENT REVERSED,
CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED, that the CAUSE IS REMANDED, and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ATHENS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


                                                        For the Court


                                    BY: _____
                                            Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**