[Cite as *State v. Greene*, 2026-Ohio-2132.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case Nos. 26CA1241 |
| | | 26CA1242 |
| Plaintiff-Appellee, | : | |
| | | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| Larry Greene, | : | |
| | | **RELEASED 6/02/2026** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Aaron E. Haslam, Adams County Prosecuting Attorney, and Sean M. Donovan, Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

_____

Hess, J.

{¶1}   In appeals we sua sponte consolidated for purposes of decision, Larry Greene challenges two judgments of the Adams County Common Pleas Court:  (1) a judgment in Case No. 20240206 in which the court sentenced him, following a guilty plea, for two counts of disseminating matter harmful to juveniles; and (2) a judgment in Case No. 20250077 in which the court sentenced him, following a guilty plea, for attempted gross sexual imposition.  Greene presents one assignment of error in each appeal asserting that the trial court erred to his prejudice "by failing to properly notify him of the

post-release control condition at his sentencing hearing." For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgments.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}   In November 2024, Greene was indicted in Case No. 20240206 on two counts of importuning, both fourth-degree felonies, and two counts of disseminating matter harmful to juveniles, both fifth-degree felonies. In June 2025, Greene was indicted in Case No. 20250077 on one count of gross sexual imposition, a fourth-degree felony. In October 2025, he pled guilty in Case No. 20240206 to the two counts of disseminating matter harmful to juveniles and in Case No. 20250077 to an amended count of attempted gross sexual imposition, a fifth-degree felony. In both cases, his written guilty pleas indicated that if he was sentenced to prison, post-release control was optional for up to two years. During a change of plea hearing for both cases, the court told Greene that if he was sentenced to prison, post-release control was optional for up to two years. The court accepted the guilty pleas and dismissed the importuning counts.

{¶3}   On January 9, 2026, the court conducted a sentencing hearing for both cases. During the hearing, in Case No. 20240206, the court ordered that Greene serve 12 months in prison on each count to be served consecutively for a total of 24 months in prison. In Case No. 20250077, the court ordered that he serve 12 months in prison. The court ordered that he serve that sentence consecutive to the 24-month sentence in Case No. 20240206, for a total of 36 months in prison. The court also notified Greene that "post-release control is optional in both cases for a maximum of two years on either or both of said cases" and notified him of consequences of violating post-release control.

{¶4}   However, on January 16, 2026, the court conducted a status hearing at which it explained that post-release control was in fact mandatory in Case No. 20240206 for five years and that it thought there were two options.  Greene could (1) withdraw his pleas in both cases, or (2) make a knowing, intelligent, and voluntary decision to maintain his pleas, with acknowledgement that he understood post-release control was mandatory for five years in Case No. 20240206, not optional for two years. After having an opportunity to consult with his counsel, Greene indicated that he understood that post-release was mandatory for five years in Case No. 20240206 and that he wanted to keep his pleas in place.  He executed an amended written guilty plea in Case No. 20240206.

{¶5}   That same day, the court issued an order stating that the matter came before it "for a hearing on the confirmation of the Defendant's desire to proceed with his previous change of plea and/or should he desire to withdraw his former pleas of guilty." The court stated that upon being advised of the requirement for mandatory post-release control for five years in Case No. 20240206, Greene acknowledged he understood, still wished to proceed with his prior change of plea, and understood "it would and does mandate post release control for a period of 5 years."  The court found Greene "knowingly, intelligently, and voluntarily acknowledged his understanding and desired to maintain the previous change of pleas."

{¶6}   That same day, the court also issued a judgment entry on sentence in each case. Both entries state that the sentencing hearing was held on January 9, 2026.  In Case No. 20240206, the court sentenced Greene to 12 months in prison on each count, to be served consecutively, for a total of 24-months in prison.  In Case No. 20250077, the court sentenced Greene to 12 months in prison.  The court ordered that the 24-month

sentence in Case No. 20240206 and 12-month sentence in 20250077 be served consecutively, for a total of 36 months in prison.  In Case No. 20240206, the entry states that post-release control is mandatory for five years.  In Case No. 20250077, the entry states that it is optional for a maximum of two years.  These appeals followed.

## II.  ASSIGNMENT OF ERROR

{¶7}   Greene presents one assignment of error in each appeal: "The trial court erred to the prejudice of Mr. Greene by failing to properly notify him of the post-release control condition at his sentencing hearing."[1]

## III.  LAW AND ANALYSIS

### A.  Positions of the Parties

{¶8}   In the sole assignment of error, Greene contends the trial court erred to his prejudice "by failing to properly notify him of the post-release control condition at his sentencing hearing."  Greene claims there were two hearings "which could be construed as sentencing hearings," but "neither hearing was a proper sentencing."  He asserts the January 9, 2026 hearing "was a more formal and complete sentencing hearing," but he "was advised incorrectly about his post-release control supervision upon release from the institution."  Specifically, he was advised that in Case No. 20240206, post-release control was optional for up to two years when it was mandatory for five years.  Even though the court properly advised him on the length and mandatory nature of post-release control in Case No. 20240206 at the January 16, 2026 hearing, Greene claims this was "not a sentencing hearing."  He asserts that "R.C. 2929.19 lays out what the trial court must do at a sentencing hearing" and that the court did not comply with "considerations mandated

---

[1] The assignment of error is taken from page 4 of Greene's appellate briefs; it is stated somewhat differently on page 1 of the briefs.

by R.C. 2929.19(A) or (B)," including that the court advise him of the consequences of violating post-release control.  Greene maintains that "[t]he only remedy is to remand this case back to the trial court for a new sentencing hearing."

{¶9}    The State contends that "R.C. 2929.191 provides the remedy for situations, such as this one, where a trial court incorrectly notifies a defendant of the terms of post-release control." The State claims the statute permits a court to remedy a faulty post-release control notification by holding a limited resentencing hearing to provide the correct notifications.  The State asserts that the court followed the correction procedures in R.C. 2929.191(C), and because Greene was already notified of the consequences of violating post-release control at the January 9, 2026 hearing, the scope of the January 16, 2026 hearing was limited to providing proper notifications on the mandatory nature and length of post-release control.

### B.  Standard of Review

{¶10}  R.C. 2953.08(A)(4) authorizes a defendant who pleads guilty to a felony to appeal as a matter of right the sentence imposed on the defendant on the ground that it is "contrary to law." R.C. 2953.08(G)(2) states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶11}** "'[O]therwise contrary to law' means "'in violation of statute or legal regulations at a given time."'" *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed.1990).

**{¶12}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶13}** At the trial level, Greene did not object to the trial court's purported sentencing hearing error and has thus forfeited the issue, absent plain error. *See State v. Price*, 2024-Ohio-1641, ¶ 7 (4th Dist.) (citing *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 for proposition that "errors in sentencing that defendant fails to object to are reviewed for plain error"). A party asserting plain error must demonstrate that an obvious error occurred and that there is a reasonable probability it resulted in prejudice, meaning it affected the outcome of the proceeding. *See State v. Knuff*, 2024-Ohio-902, ¶ 117. "'It is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error.'" *Price* at ¶ 7, quoting *State v. Burrell*, 2024-Ohio-638, ¶ 14 (11th Dist.).

### C. Post-Release Control Notifications

**{¶14}** R.C. 2967.28(B) states that "[e]ach sentence to a prison term, other than a term of life imprisonment, . . . for a felony sex offense, . . . shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." For a felony sex offense, the period of

post-release control required by this division is five years.  R.C. 2967.28(B)(1).  "'Felony sex offense' means a violation of a section contained in Chapter 2907. of the Revised Code that is a felony."  R.C. 2967.28(A)(3).  Thus, post-release control was mandatory for the offenses to which Greene pleaded guilty in Case No. 20240206, which were fifth-degree felony violations of R.C. 2907.31(A)(1).

{¶15}  "[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing," and "any sentence imposed without such notification is contrary to law."  *State v. Jordan*, 2004-Ohio-6085, ¶ 23, *overruled on other grounds by State v. Harper*, 2020-Ohio-2913.  "The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control."  *State v. Bates*, 2022-Ohio-475, ¶ 11, citing *State v. Grimes*, 2017-Ohio-2927, ¶ 11, *overruled on other grounds by Harper*.  "[O]nce the court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry."  *Id.* at ¶ 12, citing *Grimes* at ¶ 8, citing *Jordan* at ¶ 17.

{¶16}  "R.C. 2929.191 provides a procedure to correct a court's failure to validly impose postrelease control."  *Id.* at ¶ 30.  "[I]f a court improperly imposes postrelease control on a sentence imposed on or after July 11, 2006, it may correct the sentence in accordance with the procedures set forth in R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction."  *State v. Schleiger*, 2014-Ohio-3970, ¶ 15, citing R.C. 2929.191(C), and *State v. Singleton,* 2009-Ohio-6434, ¶ 32, 35. "R.C. 2929.191 does not address the remainder of an offender's sentence."  *Singleton* at ¶ 24.

"The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of postrelease control." *Id.*

### E. Analysis

**{¶17}** The trial court did not err by failing to properly notify Greene of post-release control at his sentencing hearing. The only error Greene contends occurred during the January 9, 2026 sentencing hearing was that the trial court advised him that post-release control was discretionary for up to two years in Case No. 20240206 when it was mandatory for five years. However, the trial court discovered the error and conducted the January 16, 2026 hearing during which it properly advised Greene that post-release control was mandatory for five years in that case. The January 16, 2026 hearing was not a R.C. 2929.191 hearing because that statute set forth procedures to correct a judgment of conviction, and the hearing occurred before the court issued the judgment of conviction. However, when the court conducted the January 16, 2026 hearing, it effectively reopened the sentencing hearing for the limited purpose of correcting its earlier post-release control notification error. Greene does not identify any legal authority which prohibited the court from reopening the sentencing hearing to correct its prior error or which required that the court conduct a new sentencing hearing even though post-judgment, the court could have corrected the flawed imposition of post-release control by simply following R.C. 2929.191. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgments.

JUDGMENTS AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENTS ARE AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

For the Court

BY: _____
       Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**